1
2
3
4
5    **NOTE: CHANGES MADE TO THIS DOCUMENT**
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| DEPENDABLE SOLUTIONS, INC., etc., et al., | Case No. CV 15-7481-JFW (KSx) |
| Plaintiffs, | [PROPOSED] ORDER GOVERNING USE AND DISSEMINATION OF CONFIDENTIAL INFORMATION |
| v. | |
| ZELJKO RAKOCEVIC, etc., et al., | PTC Date: Sept. 9, 2016 |
| Defendants. | Trial Date: Sept. 27, 2016 |
| | The Hon. John F. Walter, Judge |
| AND RELATED CROSS-COMPLAINT | Courtroom 16 |

19

20          **Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and**

21   **based on the parties' Stipulation to Entry of Order Governing Use and**

22   **Dissemination of Confidential Information ("Stipulation") filed on**

23   **November 19, 2015, the terms of the protective order to which the parties**

24   **have agreed are adopted as a protective order of this Court (which**

25   **generally shall govern the pretrial phase of this action) except to the extent,**

26   **as set forth below, that those terms have been modified by the Court's**

27   **amendment of paragraphs 5.2(a), 5.2(b), 7.2, 7.3, 12.2, and 12.6 of, and**

28   **Exhibit A to, the Stipulation.**

**AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]**

1.  **PURPOSES**

This Order shall govern the disclosure and handling of all documents and other products of discovery obtained by the parties in this Action, all information derived therefrom, and all copies, excerpts, or summaries thereof, including, but not limited to, documents produced pursuant to inspection demands, answers to requests for admission, answers to interrogatories, documents subpoenaed in connection with depositions, and deposition transcripts.

All Protected Material (as hereafter defined) produced in discovery in this case shall be used solely for the purpose of pre-trial proceedings (including, but not limited to, motions and briefing), trial preparation, trial, and any appeals in the Action. Protected Material shall not be used for any business or non-Action related purpose whatsoever.

2.  **DEFINITIONS**

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "<u>CONFIDENTIAL Information or Items</u>": information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery

---

[1] The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the test being deleted.

as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

      2.4  <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

      2.5  <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained as an expert witness or as a consultant in this action, (2) is not a past or current employee, consultant or contractor, or an employee of a consultant or contractor, of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee or contractor of a Party or of a Party's competitor.  A Party shall not be designated as an Expert.

      2.6  "<u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>" <u>Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, which may include information deemed by the Party to be a trade secret as defined in Cal. Civ. Code § 3426.1 or Source Code.

      2.7  <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

      2.8  <u>Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.9   <u>Party</u>: any party to this action, including all of its officers, directors, employees, and consultants.

2.10   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.11   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.13   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.14   <u>Source Code</u> refers computer code and associated comments and revision histories, that define or otherwise describe in detail the algorithms or structure of software designs.  Source Code may be extremely sensitive and confidential.

3.   **SCOPE**

3.1   The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information:

(a)  any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its

disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise;

      (b)  any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party;

      (c)  any Protected Material as to which any person is designated on the face of the Protected Material as a preparer or prior recipient thereof; or

      (d)  any Protected Material as to which any person has been indicated by the party producing such Protected Material to have been a prior recipient thereof.

## 4.  **DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.  **DESIGNATING PROTECTED MATERIAL**

    5.1  Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to

specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

      5.2  <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, disclosure of Protected Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed, produced or filed, or in the case of a deposition as provided in subparagraph 5.2(b) below.  Designation in conformity with this Order requires:

      (a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions ~~or other pretrial or trial proceedings~~), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each document that contains protected information, except if a file is

binary (e.g., computer software), then the name of each file shall have the appropriate designation. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", unless otherwise designated. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

(b) for testimony given in deposition ~~or in other pretrial or trial proceedings~~, that the Designating Party identify on the record, before the close of the deposition, ~~hearing, or other proceeding~~, all areas of protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards, if

1  that period is properly invoked, that the entire transcript shall be treated as

2  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

3  ONLY".  Parties shall give the other parties notice if they reasonably expect a

4  deposition, hearing or other proceeding to include Protected Material so that the

5  other parties can ensure that only authorized individuals who have signed the

6  "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at

7  those proceedings. The use of a document as an exhibit at a deposition shall not

8  in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

9  CONFIDENTIAL – ATTORNEYS' EYES ONLY".  Transcripts containing

10  Protected Material shall have an obvious legend on the title page that the

11  transcript contains Protected Material, and the title page shall be followed by a

12  list of all pages (including line numbers as appropriate) that have been

13  designated as Protected Material and the level of protection being asserted by

14  the Designating Party. The Designating Party shall inform the court reporter of

15  these requirements. Any transcript that is prepared before the expiration of a

16  21-day period for designation shall be treated during that period as if it had

17  been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

18  in its entirety unless otherwise agreed or as then designated. After the expiration

19  of that period, the transcript shall be treated only as actually designated.

20              (c) for information produced in some form other than

21  documentary and for any other tangible items, that the Producing Party affix in

22  a prominent place on the exterior of the container or containers in which the

23  information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

24  CONFIDENTIAL – ATTORNEYS' EYES ONLY".  If any protected material is

25  transmitted electronically, such as by email, the file name shall include the

26  appropriate level of confidentiality, and if the file contains PDF documents, then

27

28

each PDF document shall bear an appropriate legend at the bottom of each document designating the level of confidentiality.

(d)  If any portion of a written discovery response contains Protected Material, such portion shall be provided in a separate document, appended to the main body of the response, appropriately designated as to the level of confidentiality and incorporated by reference therein.

5.3  Inadvertent Failures to Designate. Inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, provided that the producing party notifies the receiving party within 21 days of discovery of such inadvertent designation.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4  Production of Documents for On-site Inspection and Copying.

For documents that are made available for inspection and copying by the Receiving Party, the Designating Party shall physically separate documents and items designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" from those documents not so designated in such a way that the documents in each category may be properly inspected on-site by the Receiving Party and that a copying service will be able to determine the proper designation of Protected Material.

6.  **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1  Timing of Challenges. Any Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling

Order.

       6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

       6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by section 6.2 above.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

    7. <u>**ACCESS TO AND USE OF PROTECTED MATERIAL**</u>

       7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that

ensures that access is limited to the persons authorized under this Order and if in binary form, in a secure password protected file.

   7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated only as "CONFIDENTIAL" only to the following persons who, **if not listed in subparagraphs (d), (g), (h), and (i),** have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A ~~(except as to those persons designated in subparagraphs (d), (g), (h) and (i))~~:

     (a) the Receiving Party's Counsel of Record in this Action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and general legal counsel and outside counsel for the Receiving Party;

     (b) any individual who is a named party to the Action and inside counsel, directors, officers and employees of any party who are assisting in the preparation of the Action for litigation and to whom, in the opinion of the attorneys in charge of the case for such party, it is necessary to the preparation of their case that such Discovery Materials be shown;

     (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

     (d) the court and its personnel;

     (e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

     (f) during their depositions, witnesses in this Action to whom

disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h)  a Non-Party witness during the course of his or her deposition or trial testimony, but only if such party has knowledge pertinent to such Protected Material; and

(i)  such other persons, and on such other terms and conditions, as the parties agree to in writing or as the Court, upon application, may order.

7.3  Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the following persons who**, unless listed in subparagraph (c),** have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A (except as to those persons designated in subparagraph (c)):

(a) the Receiving Party's Counsel of Record in this Action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is

12

reasonably necessary for this litigation, and (2) as to whom the procedures set forth in section 7.4(a), below, have been followed;

               (c) the court and its personnel;

               (d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

               (e) the author or prior recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

       7.4  <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts</u>.

               (a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to section 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity to whom the expert has provided professional services, including in connection with litigation, at any time during the preceding two years, (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has

offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding three years, and (7) the Expert must agree to be restricted from undertaking any work that could foreseeably result in an improper use of the Protected Material designated by the Designating Party.

(b) A Party that makes a request and provides the information specified in subparagraph (a) may disclose the subject Protected Material to the identified Expert unless, within 14 days after delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as permitted by law seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.  In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7.5   <u>Attendance at Deposition where "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information will be produced.</u>

When Protected Material will be presented, quoted, or referred to in any deposition or proceeding other than trial, the Party or Non-Party witness claiming "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information will be produced, questioned, presented, quoted or referred to shall have the right to make arrangements to ensure that only the persons who are entitled to receive such information would be permitted access to said Protected Material are present during said production, questioning, presentation, quotation, or reference.

When Protected Material is incorporated in a transcript of a deposition or proceeding other than trial, any Party or Non-Party witness claiming such confidentiality shall arrange with the court reporter to bind the confidential portions of such transcript separately and to label such portion of the transcript as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and any copies thereof shall be held in confidence as provided in this Order.

8.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered

by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.  **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

9.1  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)  promptly provide the Non-Party with a copy of this Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)  make the information requested available for inspection by the Non-Party.

9.3  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.  **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the

"Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

12. **MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>.  This Order shall be without prejudice to the right of the parties: (a) to redact portions of the Protected Material which are highly confidential such that the probative value of such materials is substantially outweighed by the need to keep such materials confidential; (b) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted; or (c) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12.2 <u>Right to Assert Other Objections</u>. Nothing in this Order shall be construed to affect either the discoverability or admissibility at trial of any document or thing, nor shall any party's or third-party witness' assent to this Order be deemed to waive that party's right to object to the production of

documents and things on appropriate grounds, to move to compel the production of documents and things wrongfully withheld from production, to assert appropriate privileges and immunities in response to discovery requests, or to seek additional protection or other modification of this Order by subsequent order of the Court. No party may refer to ~~anything herein or~~ the designation of any document as proof **per se** that the designated Protected Materials are actually confidential.

12.3   <u>Term of Order.</u>  This Order shall remain in force and effect and shall not be modified, superseded, or terminated except by express written consent of the parties or by order of the Court.

12.4   <u>Jurisdiction Retained.</u>  Upon conclusion of this Action, this Court shall retain such jurisdiction regarding this Order issued hereon for purposes of enforcing its terms and conditions and to enable any party herein to apply for such other and further orders concerning the subject of this Order as may be necessary or appropriate.

12.5   <u>Violation or Threatened Violations.</u>  If anyone violates or threatens to violate any term of this Order, any party or third-party witness may seek damages and injunctive relief, and it shall not be a defense thereto that the party or third party witness seeking such relief possesses an adequate remedy at law.

12.6   <u>Filing Protected Material.</u> A Receiving Party seeking to file or lodge with the Court any transcripts of depositions or portions thereof, exhibits, answers to interrogatories, responses to requests for admission, and other documents which have previously been designated as Protected Material, or any pleading or memorandum or other document purporting to reproduce or paraphrase such information, shall first comply with the procedures set forth in

1  Rule 79-5 of the Local Rules of the United States District Court for the Central

2  District of California for obtaining approval to file such materials under seal.

3       Protected Material may only be filed under seal pursuant to a court order

4  authorizing the sealing of the specific Protected Material at issue. ~~A sealing~~

5  ~~order will issue only upon a request establishing that the Protected Material at~~

6  ~~issue is privileged, protectable as a trade secret, or otherwise entitled to~~

7  ~~protection under the law.~~ If a Receiving Party's request to file Protected

8  Material under seal pursuant to Civil Local Rule 79-5 is denied by the court,

9  then the Receiving Party may file the information in the public record unless

10  otherwise instructed or ordered by the court.

11       13. **FINAL DISPOSITION**

12       Within 60 days after the final disposition of this Action, as defined in

13  Section 4, each Receiving Party must return all Protected Material to the

14  Producing Party or destroy such material. As used in this subdivision, "all

15  Protected Material" includes all copies, abstracts, compilations, summaries, and

16  any other format reproducing or capturing any of the Protected Material.

17  Whether the Protected Material is returned or destroyed, the Receiving Party

18  must submit a written certification to the Producing Party (and, if not the same

19  person or entity, to the Designating Party) by the 60-day deadline that (1)

20  identifies (by category, where appropriate) all the Protected Material that was

21  returned or destroyed and (2) affirms that the Receiving Party has not retained

22  or provided to any person or entity any copies, abstracts, compilations,

23  summaries or any other format reproducing or capturing any of the Protected

24  Material. Notwithstanding this provision, Counsel are entitled to retain an

25  archival copy of all pleadings, motion papers, trial, deposition, and hearing

26  transcripts, legal memoranda, correspondence, deposition and trial exhibits,

27

28

1  expert reports, attorney work product, and consultant and expert work product,

2  even if such materials contain Protected Material. Any such archival copies that

3  contain or constitute Protected Material remain subject to this Protective Order

4  as set forth in Section 4 (DURATION).

5        Good cause being found, IT IS SO ORDERED

6

7  Dated: November 20, 2015

8                        KAREN L. STEVENSON

9          UNITED STATES MAGISTRATE JUDGE

**Exhibit A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand

the Protective Order that was issued by the United States District Court for the

Central District of California on November _____, 2015, in the case of

Dependable Solutions, Inc., etc., et al., v. Zeljko Rakocevic, etc., et al., being

United States District Court for the Central District of California, case no. CV

15-7481-JFW (KSx).

I agree to comply with and to be bound by all the terms of said Protective

Order, and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the

terms of this Protective Order, even if such enforcement proceedings occur after

termination of this action.

If I reside or have my domicile outside of California, I hereby appoint

_____ [print or type full name] of

1    _____ [print or type

2    full address and telephone number] as my California agent for service of

3    process in connection with this action or any proceedings related to enforcement

4    of this Protective Order.

5

6    Date: _____         City and State where sworn and signed:

7                                        _____

8    Printed name: _____      Signature: _____

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23